FILED
2017 Apr-21 PM 02:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CANDACE NICHOLS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **CIVIL ACTION NO.** |
| | ) |
| **FIRST FINANCIAL ASSET** | ) |
| **MANAGEMENT, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## NOTICE OF REMOVAL

**COMES NOW** defendant First Financial Asset Management, Inc. ("Defendant"), by and through its undersigned counsel, and pursuant to the provisions of 28 U.S.C. §§ 1331, 1441, and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and all defenses under the federal laws of bankruptcy, and the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq., hereby gives notice of removal of this action from the Circuit Court of Shelby County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division.  In support thereof, Defendant respectfully shows unto the Court as follows:

## I. INTRODUCTION

1. Plaintiff Candace Nichols ("Plaintiff") commenced this action by filing a Complaint ("Complaint") on March 17, 2017, in the Circuit Court of Shelby County, Alabama, Case No. CV-2017-900261. (*See* Complaint, attached hereto with the court file as Exhibit A.) The Circuit Court of Shelby County, Alabama, is a state court within this judicial district and division.

2. Plaintiff brings claims against Defendant under the Telephone Consumer Protection Act ("TCPA"). (*Id.*)

3. This case is properly removable, pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

4. Accordingly, this matter is properly removable under 28 U.S.C. § 1441 as the United States District Court has original jurisdiction over this case under 28 U.S.C. § 1331.

## II. FEDERAL QUESTION JURISDICTION EXISTS OVER THIS ACTION

5. This case is properly removable, pursuant to 28 U.S.C. § 1331, which provides that this Court has "original jurisdiction of all civil actions arising under

the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6. Plaintiff's Complaint, which contains allegations that Defendant violated the TCPA, asserts claims arising under the Constitution, laws or treaties of the United States. *See* 47 U.S.C. § 227; *see also Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740 (2012).

7. Because Plaintiff asserts claims arising under, and for alleged violations of, federal law, this Court has federal question jurisdiction over Plaintiff's claims, pursuant to 28 U.S.C. §§ 1331 and 1441.

### III. ADOPTION AND RESERVATION OF DEFENSES

8. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any affirmative defenses, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Alabama law and/or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

Defendant also reserves the right to demand arbitration pursuant to any contractual agreements with the Plaintiff and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*

## IV. <u>PROCEDURAL REQUIREMENTS</u>

9. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

10. True, correct, and certified copies of "all process, pleadings, and orders" are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon Defendant to date in this case.

11. This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446.

12. Defendant has not previously sought similar relief.

13. The United States District Court for the Northern District of Alabama, Southern Division, is the District and Division embracing the place where this action is pending in state court.

14. Defendant reserves the right to supplement its Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

15. Contemporaneously with the filing of this Notice of Removal, Defendant has filed a copy of same, along with a Notice of Filing Notice of

Removal, with the clerk of the Circuit Court of Shelby County, Alabama. Written notice of the filing of this Notice of Removal has also been served upon the Plaintiff.

**WHEREFORE**, Defendant prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Shelby County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division.

Respectfully submitted this the 21st day of April, 2017.

*s/ Alan D. Leeth*
Alan D. Leeth (LEE038)
Rachel R. Friedman (FRI045)

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
aleeth@burr.com
rfriedman@burr.com

Attorneys for Defendant
FIRST FINANCIAL ASSET MANAGEMENT, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 21st day of April, 2017:

John G. Watts<br>
M. Stan Herring<br>
Watts & Herring, LLC<br>
301 19th Street North<br>
Birmingham, AL  35203

                         *s/ Alan D. Leeth*
                         OF COUNSEL