FILED
2017 Apr-21  PM 02:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

ELECTRONICALLY FILED
3/17/2017 10:24 AM
58-CV-2017-900261.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>58 |
|---|---|---|

Date of Filing:          Judge Code:
03/17/2017

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

### CANDACE NICHOLS v. FIRST FINANCIAL ASSET MANAGEMENT, INC.

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:_____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING      A ☐ APPEAL FROM DISTRICT COURT      O ☐ OTHER

R ☐ REMANDED      T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**    ☑ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| WAT056 | 3/17/2017 10:24:15 AM | /s/ JOHN GRIFFIN WATTS |
|---|---|---|
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**    ☐ YES  ☑ NO  ☐ UNDECIDED

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>**58-CV-2017-900261.00** |
|---|---|---|

## IN THE CIRCUIT COURT OF SHELBY COUNTY
### CANDACE NICHOLS V. FIRST FINANCIAL ASSET MANAGEMENT, INC.

FIRST FINANCIAL ASSET MANAGEMENT, INC., C/O CSC LAWYERS INC SRVC 150 S. PERRY STREET, MONTGOMERY, AL 36104

**NOTICE TO** _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS 301 19th Street North, BIRMINGHAM, AL 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   CANDACE NICHOLS

pursuant to the Alabama Rules of the Civil Procedure

Date  3/17/2017 10:24:45 AM    /s/ MARY HARRIS

3/20/17

Clerk/Register
POST OFFICE BOX 1810
112 NORTH MAIN STREET
COLUMBIANA, AL 35051

| ☑ Certified Mail is hereby requested | /s/ JOHN GRIFFIN WATTS |
|---|---|
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
(Date)

_____
Date

_____
Server's Signature

_____
Address of Server

_____
Type of Server

_____
Server's Printed Name

_____
Phone Number of Server

### 58-CV-2017-900261.00
### CANDACE NICHOLS V. FIRST FINANCIAL ASSET MANAGEMENT, INC.

| C001 - CANDACE NICHOLS | v. | D001 - FIRST FINANCIAL ASSET MANAGEMENT, INC. |
|---|---|---|
| Plaintiff | | Defendant |



# SERVICE RETURN

ELECTRONICALLY FILED
5/01/2017 10:24 AM
58-CV-2017-900261.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | | |
|---|---|---|
| CANDACE NICHOLS, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| FIRST FINANCIAL ASSET | ) | |
| MANAGEMENT, INC., a corporation, | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for her Complaint against the Defendant say as follows:

1.  This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by the Defendant.

## JURISDICTION

2.  Personal jurisdiction exists over Defendant First Financial Asset Management, Inc. as it has the necessary minimum contacts with the State of Alabama and this suit arises out of its specific conduct with Plaintiff in Alabama.

## VENUE

3.  Venue is proper as Plaintiff lives in this judicial district, the events took place in this judicial district, and the Defendant First Financial Asset Management, Inc. does business in this judicial district.

## PARTIES

4.  Plaintiff Candace Nichols (hereinafter "Plaintiff" or "Nichols") is a natural person who is a resident and citizen of Alabama in this judicial district.

5.    Defendant First Financial Asset Management, Inc. ("Defendant" or "First Financial[1]") is a foreign firm that engages in the business of debt collection in Alabama (including this judicial district).

## FACTUAL ALLEGATIONS

6.    Plaintiff has not done business with Defendant First Financial.

7.    Plaintiff has never owed money to Defendant First Financial.

8.    Plaintiff does not and did not owe money to Defendant First Financial.

9.    Plaintiff has a cell phone, which Defendant First Financial has repeatedly called.

10.    Plaintiff never gave permission/consent for Defendant First Financial to call Plaintiff's cell phone.

11.    There was no legal reason for Defendant First Financial to call Plaintiff's cell phone with an auto dialer or pre-recorded messages.

12.    Defendant First Financial has repeatedly contacted Plaintiff through the use of robo dialers, auto dialers, pre-recorded messages, or machine-generated voices.

13.    All such calls, whether resulting in a conversation, the leaving of a voice mail, or whether such calls were unanswered, all violate the TCPA.

14.    Defendant First Financial knew that it had no right to violate the TCPA against Plaintiff but has deliberately chosen to continue its onslaught of calls against Plaintiff.

15.    Defendant First Financial knew that it had no permission to contact Plaintiff's cell phone in this manner.

16.    Defendant First Financial illegally used an autodialer to call Plaintiff's cell phone without permission to do so in violation of the TCPA.

---

[1] "First Financial" or "Defendant" means the named Defendant directly or through its debt collectors, employees, agents, or outside vendors that took any collection action against Plaintiff.

17.    Defendant First Financial illegally used a predictive dialer to call Plaintiff's cell phone without permission to do so in violation of the TCPA.

18.    Defendant First Financial illegally used pre-recorded calls to call Plaintiff's cell phone without permission to do so in violation of the TCPA.

19.    Defendant First Financial illegally used machine generated voice calls when calling Plaintiff's cell phone without permission to do so in violation of the TCPA

20.    Plaintiff never gave Defendant First Financial permission to call Plaintiff's cell phone with an autodialer.

21.    Plaintiff never gave Defendant First Financial permission to call Plaintiff's cell phone with a predictive dialer.

22.    Plaintiff never gave Defendant First Financial permission to call Plaintiff's cell phone with pre-recorded calls.

23.    Plaintiff never gave Defendant First Financial permission to call Plaintiff's cell phone with calls containing machine generated voices.

24.    Plaintiff never gave Defendant First Financial permission to call Plaintiff's cell phone in any manner.

25.    All of the above-described collection communications made to Plaintiff by Defendant First Financial and collection agents of Defendant First Financial were made in violation of the TCPA.

26.    Defendant First Financial repeatedly violated the TCPA with its illegal calls to Plaintiff's cell phone.

27. The acts and omissions of Defendant First Financial's agents who communicated with Plaintiff were committed within the line and scope of their agency relationship with their principal the Defendant First Financial.

28. The acts and omissions by these agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant First Financial.

29. By committing these acts and omissions against Plaintiff, these agents and/or employees were motivated to benefit their principal the Defendant First Financial.

30. Defendant First Financial is therefore liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of federal law by its collection employees.

31. Regardless of any agency relationship, Defendant First Financial is liable under the TCPA for all calls made to Plaintiff's cell phone by Defendant First Financial or any other entity calling on behalf of Defendant First Financial and any entity calling Plaintiff to further Defendant First Financial's interests.

32. Defendant First Financial's misconduct was designed to harm the Plaintiff as Defendant First Financial acted with full knowledge of the damage this type of misconduct can and will cause.

33. Defendant First Financial was successful in its plan, scheme, design, and did in fact cause severe damages to Plaintiff.

## SUMMARY

34. All of the above-described collection communications made to Plaintiff by Defendant First Financial and collection agents/employees of Defendant First Financial were made in violation of the TCPA.

35.     This series of abusive calls by Defendant First Financial and its agents caused Plaintiff past and future economic and mental anguish as a result of these abusive calls.

## CAUSES OF ACTION

### COUNT I.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### (47 U.S.C. § 227)

36.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

37.     Defendant First Financial has made illegal calls to Plaintiff's cell phone in violation of the TCPA.

38.     Defendant First Financial has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers by Defendant First Financial.

39.     Defendant First Financial has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal predictive dialers by Defendant First Financial.

40.     Defendant First Financial has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal pre-recorded (or machine generated) messages by Defendant First Financial.

41.     Each call is a separate violation and entitles Plaintiff to statutory damages against Defendant First Financial in the amount of at least $500.00 per call and Plaintiff requests that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call.

42.     All actions taken by Defendant First Financial were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions

were taken in violation of the TCPA and/or that it knew or should have known that its actions were in reckless disregard of the TCPA.

43.     All of the violations of the TCPA proximately caused the actual injuries and damages set forth in this Complaint.

44.     Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

45.     As a result of this conduct, action, and inaction of Defendant First Financial, Plaintiff has suffered damage as set forth in this Complaint.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant First Financial for the following:

- An award of actual damages against Defendant;

- An award of statutory damages of at least $500.00 per call and up to $1,500.00 per call; and

- For such other and further relief as may be just and proper.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant First Financial for statutory damages, actual damages, costs, expenses, fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**M. Stan Herring (HER037)**
**Attorneys for Plaintiff**

**OF COUNSEL:**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

## PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.

/s/ John G. Watts
**Attorney for Plaintiff**

**Serve defendant via certified mail at the following address:**

First Financial Asset Management, Inc.
c/o CSC Lawyers Incorporating SRVC Inc.
150 S. Perry Street
Montgomery, Alabama 36104

ELECTRONICALLY FILED
3/19/2017 10:24 AM
58-CV-2017-900261.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | | |
|---|---|---|
| CANDACE NICHOLS, an individual, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No.: |
| FIRST FINANCIAL ASSET | ) | |
| MANAGEMENT, INC., a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, REQUESTS FOR ADMISSIONS AND REQUEST FOR PRODUCTION OF STATEMENTS TO DEFENDANT

**PLEASE TAKE NOTICE** that pursuant to the Rules of Civil Procedure, Plaintiff propounds the following discovery interrogatories and requests:

### INSTRUCTIONS

Any references to "Defendant", "Defendants", "Defendant's" or "Defendant(s)" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate. As used in these interrogatories and requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

If any objection is made to any of the following interrogatories or discovery requests, the Defendants shall make any such objection and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, Defendants shall state the legal basis for the privilege Defendants are invoking and provide a detailed privilege log to support the invocation of such privilege.

Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Rules of Civil Procedure, and Defendants are obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiffs' counsel.

As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendants, which Defendants have knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal

comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

A request to "identify" a document is a request to state the following, as applicable:

a.    The date of the document;

b.    The type of document;

c.    The names and present addresses of the person or persons who prepared the document and of the signers and addressors of the document;

d.    The name of the employer or principal whom the signers, addressers and preparers were representing;

e.    The present location of the document;

f.    The name and current business and home addresses of the present custodian of the original document, and any copies of it;

g.    A summary of the contents of the document; and

h.    If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

Plaintiff requests that the documents be made available for this inspection at the offices of counsel for Plaintiff at **The Kress Building 301 Nineteenth Street North, Birmingham, Alabama 35203**.

These interrogatories and discovery requests are intended to cover all documents in Defendants' possession, or subject to their custody and control, regardless of location. If there

are no such documents, please so state. If there are such documents, please list and mark appended documents responsive to each request. (Rules of Civil Procedure, Rule 34(b)).

Each interrogatory propounded herein should be answered upon Defendants entire knowledge from all sources and all information in Defendants' possession or otherwise available to Defendant, including information from Defendants' officers, employees, agents, representatives or consultants and information which is known by each of them. An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, Defendants shall state specifically the terms of each qualification and the reasons for it. If an interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

For purpose of these requests, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

## **INTERROGATORIES**

**Pursuant to Rule 33 of the Rules of Civil Procedure, Plaintiff requests that Defendant(s) answer, under oath, the following interrogatories:**

1.  Identify and describe each communication, or attempted communication, between the Defendants and the Plaintiff, or any other person, which is in any way related to the Plaintiff or the Plaintiff's alleged debt, by stating the following:

a. The name of the individual initiating communication;

b. The name of the person and/or description of the person to whom the communication was directed;

c. The date and time of the communication;

d. The method of the communication (e.g. letter, phone call, in-person, autodialer, pre-recorded message, predictive dialer, etc);

e. A detailed description of the substance of the communication, (do not simply refer to collection notes);

f. Identification of all witnesses to or participants in the communication; and,

g. Any actions taken by any Defendant as a result of the communication.

2. Identify all lawsuits brought against Defendants at any time arising out its collection or attempted collection activities in any way involving the TCPA or alleged use of auto dialers, predictive dialers, machine generated or pre-recorded messages, in the period four (4) years before the date of this request to the present, by supplying the correct legal caption, the court file number, the jurisdiction, the date of filing, and the final disposition or current status.

3. Identify all legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, Better Business Bureau, Commerce Department, CFPB, FTC, FCC, or other regulatory complaints made against Defendant or agents/employees at any time arising out its collection or attempted collection activities in any way involving the TCPA or alleged use of auto dialers, predictive dialers, machine generated or pre-recorded messages, in the period four (4) years before the date of this request to the present, by supplying the correct caption (if any), the name(s) of the complaining party, the file number,

the jurisdiction, the date of filing, and the final disposition or current status of the claim, complaint or proceeding.

4.    For each individual person, officer, employee, agent, or other entity answering or providing any information used by Defendants to answer any Interrogatory, state the following:

    a.    First, last, and middle legal name;

    b.    All DBA, fake, or alias name(s) used by this person;

    c.    Job title or capacity;

    d.    Business address and telephone number;

    e.    Home address and telephone number;

    f.    Age;

5.    Identify each document referred to or consulted by Defendants in the preparation of the Answers to these Interrogatories and discovery requests made within this entire document.

6.    Identify all persons known to Defendants to have personal knowledge of any facts or issues involved in this lawsuit, state the following:

    a.    First, last, and middle legal name;

    b.    All DBAs, fake, or alias name(s) used by this person;

    c.    Job title or capacity;

    d.    Business address and telephone number;

    e.    Home address and telephone number;

    f.    Age;

    g.    State the general substance of each person's knowledge.

7. Identify and describe with particularity all training that Defendants provide or receive, in the area of debt collection activities involving calls (manual or automated of any type), including but not limited to:

    a. The training content, timing, and duration;

    b. All documents and audio or visual materials used in such training; and

    c. Each person involved in providing such training.

8. Identify and describe all documents, manuals, instructions, checklists, memorandum, restrictions or other documentation or instructions that Defendants or Defendant's employees or agents are given, read, review, or otherwise use, regarding the collection of debts.

9. Identify and describe Defendants' disciplinary policy/policies for violating state and federal debt collection laws, and for violating other state or federal laws in the course of collecting debts of any kind.

10. Identify and describe any and all documents that describe, record, or establish Defendants' methods and techniques used to collect debts for the previous three years and up through the present.

11. Identify and describe fully any and all computerized, mechanical, manual, or other system(s) that Defendants use, maintain, or operate to record any and all mail, telephone, in-person, or other forms of communications, or attempted communications, with persons or other third parties in connection with the collection of accounts, and Defendants' policies and procedures for operating such a system of records for the previous three years and up through the present.

12.    Identify whether any or all of the Defendants electronically record telephone calls by any means with any persons and what steps are taken to preserve these recordings.

13.    Identify whether any or all of the Defendants recorded any telephone call with the Plaintiffs and whether or not these recordings have been preserved, and the current location and/or disposition of these recordings.

14.    Identify the original creditor of the alleged debt that Defendants were trying to collect from Plaintiff and provide the original creditor's full legal name, address, city, state and zip code, and telephone number.

15.    In the form of a chronology, identify and describe in detail and with particularity, the process, events, and circumstances under which the debt allegedly owed by Plaintiff was referred, placed or otherwise assigned to the Defendants for collection, identifying all documents relevant to, related to, or reflecting such referral, placement or assignment.

16.    Identify the business name, address, and telephone number of all persons, companies, corporations, or other entities who provided local or long distance telephone services of any kind to Defendants' business, as well as identifying the telephone numbers and account numbers for each such local and long distance service provider, for a period of two (2) years before the date of this request to the present.

17.    Identify every single local or long distance telephone number used by Defendants in the course of their business/businesses or otherwise which is used, accessible, or made available at any time, to any employee, as well as identifying account numbers for each such local and long distance service provider, for a period of two (2) years before the date of this request to the present.

18.     Identify the full legal name, address, telephone, position, and title of all former employees of Defendants who in any manner were involved with the account of the Plaintiffs for a period of four (4) before the date of this request to the present.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**Pursuant to Rule 34 of the Rules of Civil Procedure, Plaintiff requests that Defendants produce the documents described herein and permit Plaintiff's attorneys to inspect and copy such documents as they may desire:**

1.     Any and all documents identified, consulted, reviewed or referred to in Response to all sets of Plaintiffs' Interrogatories, Request for Admissions, and Requests for Statements.

2.     Any and all documents summarizing, describing, instructing, detailing, or otherwise training any and all of Defendants' employees in any and all of the following areas:

   a.     Collection policies;

   b.     Collection procedures;

   c.     Collection methods;

   d.     Collection techniques;

   e.     Collection tactics;

   f.     Collection rules;

   g.     Collection regulations; and

   h.     Compliance with local, state, or federal laws, codes, or regulations.

3.     Any and all training, personnel, or other instruction manuals used by any and all collection personnel who are employed by or who are agents of Defendants or supervised by Defendants for the four (4) years prior and up to the present.

4.      Any and all collection software manuals and/or instruction guides for each and every computer system, software package, software system, telephone system, electronic device, or non-electronic device used in any manner by Defendants in collecting debts for the four (4) years prior and up to the present.

5.      Any and all documents related to or evidencing any and all lawsuits, legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, to which any Defendant has been named as a witness or a party, that have existed or been brought with respect to or involving any Defendant, and which involved as all or part of their subject matter debt collection activities (including any alleged violations of the TCPA), for a period of four (4) years before the date of this request to the present.

6.      Any and all personnel files, human resource department records, employment files, and other documents including but not limited to all disciplinary notices, performance appraisals, written or verbal reprimands, incident reports, job applications, résumés, memos, and or electronic recordings of collection communications that were the subject of private or other complaints by any person, for every Defendant, person, employee, agent, assignee who collected or attempted to collect the alleged debt from the Plaintiffs.

7.      Copies of any and all state-issued collection agency license(s) issued to any Defendant for the states in which Defendant is located and for the state in which Plaintiffs reside.

8.      Any and all documents in the possession or control of the Defendants, which any Defendant claims are in any way relevant to the subject matter of the instant lawsuit.

9.      Any and all documents or recordings documenting, or otherwise tracking Defendants' attempts to collect a debt from Plaintiffs, including but not limited to:

a.  Records of all inbound or outbound telephone calls, to or from any Plaintiff;

b.  Records of all inbound or outbound United States mail, to or from any Plaintiff.

c.  Records of all other inbound or outbound communication of whatever kind, to or from any Plaintiff.

10.  Any and all printouts computer, mechanical or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner by Defendants to collect debts, which include any Plaintiffs' name, address, telephone number(s), account number, or any other information which is personally identifiable to any Plaintiff.

11.  A plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced above.

12.  Exemplars of any and all orientation, new hire, or any other manual given to natural persons employed by any Defendant to collect debts at the commencement of that person's employment, for a period of five (5) years to the present.

13.  Exemplars of any and all documents of whatever kind given to natural persons employed by any Defendant to collect debts at the commencement of that person's employment, for a period of five (5) years to the present.

14.  Please produce a "key" or "legend" that explains any symbol, abbreviation or code that appears on any document produced by the Defendant.

## REQUEST FOR PRODUCTION OF STATEMENTS

**Pursuant to Rule 26 and 34 of the Rules of Civil Procedure, Plaintiff demands that copies of the following be made available:**

1.      All statements made by parties and non-parties, which are in the possession or control of any Defendant(s), concerning the above action or its subject matter which are discoverable pursuant to the Rules of Civil Procedure.

## REQUEST FOR ADMISSIONS

**Pursuant to the Rules of Civil Procedure the Plaintiff demands that the following be admitted or denied:**

1.      You called Plaintiff[1] with a pre-recorded message.

2.      You called Plaintiff using an autodialer.

3.      You called Plaintiff using a predictive dialer.

4.      You called Plaintiff using a machine generated voice.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**M. Stan Herring (HER037)**
**Attorneys for Plaintiff**

**OF COUNSEL:**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

## SERVE WITH THE SUMMONS AND COMPLAINT

---

[1] Please contact the undersigned for the full phone number called – it is not being put in this discovery for privacy reasons as this discovery request is accessible by the public.

ELECTRONICALLY FILED
5/19/2017 10:24 AM
58-CV-2017-900261.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | |
|---|---|
| CANDACE NICHOLS, an individual, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | )   Civil Action No.: |
| FIRST FINANCIAL ASSET | ) |
| MANAGEMENT, INC., a corporation, | ) |
| | ) |
| Defendant. | ) |

### NOTICE TO TAKE DEPOSITION OF 30(b)(6) CORPORATE REPRESENTATIVE OF FIRST FINANCIAL ASSET MANAGEMENT, INC.

Take notice, that the Plaintiff will take the deposition of the following entities or individuals

pursuant to the Rules of Civil Procedure. The deponent(s) must bring all documents listed in this

deposition notice and any attachments, and present the originals of these documents for inspection

and copying at the deposition. The deposition will continue until completed.

**DEPONENT:** **Corporate Representative of First Financial Asset Management, Inc.**

**DATE:** **July 18, 2017**

**TIME:** **9:00 a.m.**

**PLACE:** **Watts & Herring, LLC**
**The Kress Building**
**301 19th Street North**
**Birmingham, AL 35203**

Please note that pursuant to the Rules of Civil Procedure 30(b)(5) & (6), this corporate

Defendant must designate an individual to testify as to the following matters:

1. The Defendant's investigation into the claims made by Plaintiffs in their Complaint;

2.    The methods, practices, techniques and strategies used by Defendant in training collection their collection employees;

3.    The collection methods, practices, techniques and strategies used by Defendant in its efforts to collect debts from any person;

4.    The management, supervision, and discipline of all Defendant's and its collection employees;

5.    The details and contents of all Defendant's personnel files of any person who was involved in any collection activities related to Plaintiff's alleged account;

6.    The use of alias names by any Defendant and or employee of any Defendant in the collection of accounts;

7.    All documentation methods, if any, whether computerized, manual, or other, of all activities undertaken by the Defendant or its employees or agents related to the collection of accounts;

8.    The collection account records and notes pertaining to the alleged debt which was being collected by Defendant from Plaintiff and which is the subject matter of this lawsuit;

9.    The telephone system(s), local and long distance services used by Defendant's and its collection employees and agents in the course of their business or in the course of collecting accounts;

10.   The phone systems of Defendant and any monitoring and recording of telephone calls;

11.   The telephone system(s), local and long distance services used by Defendant and its employees or agents in the course of their business or in the course of collecting accounts;

12.   The long distance telephone provider used to make calls relating to the herein account;

13.   The factual basis for the Defendant's Answer;

14.   The factual basis for the Defendant's defenses contained in their Answer;

15.     The Defendant's compliance with the Telephone Consumer Protection Act and Alabama state law in its collection business;

16.     All documents produced to Plaintiff by Defendant in the course of this case;

17.     The general nature of the Defendant's businesses;

18.     The history, specific details, and resolution of any formal and informal consumer-initiated complaints, Better Business Bureau Complaints, lawsuits, regulatory actions, claims, litigations, mediations, arbitrations, Commerce department actions, or other actions, legal or otherwise, connected to or arising out of Defendants' consumer debt collection activities, in the period from four (4) years prior to the date of this notice to the present;

19.     The use of auto dialers, predictive dialers, machine generated voices and pre-recorded messages against Plaintiff; and

20.     All collection efforts that in any way targeted or involved Plaintiff.

## DUCES TECUM

**PLEASE TAKE FURTHER NOTICE** that, the designated representative(s) of Defendant must bring the following documents with them to the deposition:

1.     All documents responsive to the Request for Production of Documents and documents related to the topics referenced above.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**M. Stan Herring (HER037)**
**Attorneys for Plaintiff**

**OF COUNSEL:**
Watts & Herring, LLC
The Kress Building
301 19ᵗʰ Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>58-CV-2017-900261.00 |
| --- | --- | --- |

IN THE CIRCUIT COURT OF SHELBY COUNTY

CANDACE NICHOLS V. FIRST FINANCIAL ASSET MANAGEMENT, INC.

NOTICE TO | FIRST FINANCIAL ASSET MANAGEMENT, INC., C/O CSC LAWYERS INC SRVC 150 S. PERRY STREET, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS 301 19th Street North, BIRMINGHAM, AL 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    CANDACE NICHOLS

pursuant to the Alabama Rules of the Civil Procedure

Date  3/17/2017 10:24:45 AM    /s/ MARY HARRIS

3/20/17

Clerk/Register

POST OFFICE BOX 1810

112 NORTH MAIN STREET

COLUMBIANA, AL 35051

☑ Certified Mail is hereby requested    /s/ JOHN GRIFFIN WATT

Plaintiff's/Attorney's Signa

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on

☐ I certify that I personally delivered a copy of the Summons and Con

_____ in _____

_____

Date

_____

Type of Server

_____

Server's Signature

_____

Server's Printed Name

---

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage
$

Total Postage and Fees
$

Sent To   First Financial Asset Mgmt

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

Postmark
Here

Dool
CV-17-900261

PS Form 3800, April 2015 PSN 7530-02-000-9047       See Reverse for Instructions

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE* THIS SECTION ON DELIVERY |
|---|---|

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X _____  ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*    MAR 2 3 2017   Date of Delivery
Avery Harris

1. Article Addressed to:

**FIRST FINANCIAL ASSET MANAGEMENT, INC.**

**C/O CSC LAWYERS INC SRVC**
**150 S. PERRY STREET**

**MONTGOMERY, AL 36104**

CV-17-960261 D001

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

9590 9402 2493 6306 0335 59

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ ...Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*

7016 3010 0000 4702 1653

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt